## JASTER v STAHLHEBER

Ohio Appeals, 1st Dist, Butler Co

No 673.   Decided Nov 7, 1935

John W. Bricker, Columbus, and Jos. A. Godown, Columbus, for plaintiff in error.

P. P. Boli, Hamilton, and W. C. Shepherd, Hamilton, for defendant in error.

## OPINION

By ROSS, PJ.

The fourth paragraph of the syllabus in the case of Goodin et v Cincinnati Whitewater Canal Co. et, 18 Oh St, 169, is:

"The rule of valuation in such cases is what the interest of the canal company was worth, not for canal purposes merely, or for any other particular use, but what it was worth generally, for any and all uses for which it might be suitable."

The second paragraph of the syllabus in Cincinnati & Springfield Ry. Co. v Longworth et, 30 Oh St, 108, is:

"In ascertaining these amounts, the jury are to take into consideration the real value of the land taken, and the diminished value to the remainder, and may for that purpose take into account, not only the purposes to which the land is or has been applied, but any other beneficial purpose to which it may be applied, which would affect the amount of compensation or damages."

See also:   15 Ohio Jur., p. 849, §158.

There was no attempt to predicate speculative profits upon the evidence and the jury was properly instructed as to the limitation of the effect of the evidence.

The criticism found in the case of Powers v Hazelton & Letonia Ry. Co., 33 Oh St, 429, is not here applicable. The sixth paragraph of the syllabus in the Powers case provides:

"Where land is appropriated for a public use, a compensatory, not a speculative remuneration is guaranteed by the law for land taken, and for the damage occasioned thereby to the remainder of the premises.

The difference in the value of the owner's property, with the appropriation and that without it, is the rule of compensation. The difference must be ascertaintd with reference to the value of the property in view of its present character, situation, and surroundings. It can not be enhanced by proving facts of a contingent or prospective character, such as the probable rents that may be derived from the property, or its special value as a prospective monopoly of a road-way to the adjoining lands of other persons."

It is further urged that the following question was improper:

"You may state what in your opinion is the value of the approximately two and a fraction acres which the State is taking for actual road purposes through Mr. Stahlheber's farm."

More than one piece of land was appropriated. One was for sewer and one for road. There was no harm in designating the appropriate strip by the terms used. We see no error prejudicial to the plaintiff in error in permitting the question, although if asked by the state it might be considered as an attempt to diminish compensation by a consideration of prospective benefits from the use of the appropriated land.

It is also contended that the amount allowed as damage to the residue, to-wit, $3180.00, is too high. The witnesses for the owner fixed this damage at various sums ranging from four to six thousand dollars. The witnesses for the state mentioned sums of only a few hundred dollars. We cannot say there was not supporting reason for the amount allowed.

The judgment is affirmed.

MATTHEWS and HAMILTON, JJ, concur.